UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* <br><br> APPLESEED'S INTERMEDIATE HOLDINGS, LLC, *et al.*, <br><br>      Debtors. <br> _____ <br><br> ROBERT N. MICHAELSON, as Trustee of the Appleseed's Litigation Trust, <br><br>      Plaintiff, <br><br>   v. <br><br> GOLDEN GATE PRIVATE EQUITY, INC., *et al.*, <br><br>      Defendants. <br> _____ <br><br> ROBERT N. MICHAELSON, as Trustee of the Appleseed's Litigation Trust, <br><br>      Plaintiff, <br><br>   v. <br><br> GOLDEN GATE PRIVATE EQUITY, INC., *et al.*, <br><br>      Defendants. | Chapter 11 <br><br> Bankruptcy Case No. 11-10160 (KG) <br><br><br><br> Adv. Proc. No. 11-51847 (KG) <br><br><br><br><br><br><br><br><br> HONORABLE JOSEPH E. IRENAS <br><br> Civ. No. 11-807 (JEI/KM) <br><br> **OPINION** |

**APPEARANCES:**

DRINKER BIDDLE & REATH LLP
Howard A. Cohen

1

Richard S. Kanowitz
1100 North Market Street
Suite 1000
Wilmington, DE 19801
     Counsel for Plaintiff and Golden Gate Defendants

BLANK ROME LLP
Elizabeth A. Sloan
1201 North Market Street
Suite 800
Wilmington, DE 19801
     Counsel for Defendants Jeffrey Farmer, Bradford Farmer,
Brent Bostwick, and Vito Kowalchuk

RICHARDS, LAYTON & FINGER, PA
Drew Gerard Sloan
Robert J. Stearn, Jr.
Mark David Collins
One Rodney Square
920 N. King Street
Wilmington, DE 19801
     Counsel for Golden Gate Defendants


**IRENAS**, Senior District Judge:

     This matter comes before the Court upon Defendants Bradford

J. Farmer, Brent Bostwick, Jeffrey D. Farmer, and Vito

Kowalchuk's ("FBK Defendants") Motion to Withdraw the Reference

and Determine Core/Non-Core Status.  For the following reasons

the Motion to Withdraw the Reference will be granted.


                                   I.

     On January 19, 2011, Appleseed's Intermediate Holdings, LLC

and 27 of its wholly-owned subsidiaries ("Debtors") filed

voluntary Chapter 11 petitions.  (*See In re* Appleseed's

Intermediate Holdings, Inc., Bankr. No. 11-10160 (Bankr. D.Del.

Jan. 19, 2011)  The Bankruptcy Court set the proof of date claim for April 1, 2011.  The FBK Defendants did not submit proofs of claim.

On April 14, 2011, the Bankruptcy Court entered the Confirmation Order confirming the Debtors' joint plan of reorganization.  The plan provided that certain alleged causes of action would be transferred to the Appleseed Litigation Trust to be pursued in a subsequent adversarial action by the Trustee, Robert N. Michaelson.

On April 27, 2011, the Trustee filed the Complaint in Bankruptcy Court.  The Complaint alleges sixteen causes of action against thirty-three named defendants.  Against the FDK Defendants, the Complaint alleges five claims on theories of fraudulent transfer - both actual and constructive fraud - and a breach of fiduciary duty.  (*See* Compl. Counts I-IV & IX)

On May 26 and June 23, 2011, the FBK Defendants had all filed a demand for a jury trial.  On July 8, the FBK Defendants filed the instant Motion to Withdraw the Reference and Determine Core/Non-core Status.  In their moving papers, the FBK Defendants explicitly state their lack of consent to a jury trial in Bankruptcy Court.  (*See* FBK Defs.' Br. 2)[1]  Plaintiff largely joins the Motions to avoid potential collateral litigation.  In

---

[1] All briefing in this matter has been consolidated into a single docket entry.  (*See* Civ. No. 11-807, Dkt. No. 4)

opposition to the Motion to Withdraw the Reference are the so-called "Golden Gate Defendants" - an amalgam of twenty-three defendants.[2]

## II.

The FBK Defendants advance several arguments in support of the Motion to Withdraw the Reference.[3]  First, the FBK Defendants argue that they are entitled to a jury trial, but the Bankruptcy Court cannot hold a jury trial without all the parties' consent. 28 U.S.C. § 157(e).  Second, Defendants argue that the recent Supreme Court opinion of June 23, 2011, *Stern v. Marshall*, 131 S.Ct. 2594 (2011), raises serious questions about whether the "Bankruptcy Court is constitutionally empowered to decide this adversary proceeding, jury trial or no jury trial." (*See* FBK Defs.' Br. 14)

## A.

Federal district courts have original jurisdiction over all cases under title 11, or arising in or related to cases under title 11.  *See* 28 U.S.C. § (a), (b).  Federal district courts may

---

[2] For a complete list of the entities that make up the Golden Gate Defendants see Golden Gate Defs.' Opp. Br. 1 n. 1.

[3] The FBK Defendants argue that the Motion to Withdraw the Reference should be granted regardless of the determination of the Motion to Determine Core/Non-Core Status.  The FBK Defendants informed the Court that the latter Motion was only submitted to comply with local rules.

provide "that any or all cases under title 11 and any or all
proceedings arising under title 11 or arising in or related to a
case under title 11 shall be referred to the bankruptcy judges
for the district."  28 U.S.C. § 157(a).  Since 1984, the District
of New Jersey has had a standing order to refer all bankruptcy
cases to bankruptcy judges.

Bankruptcy judges have the statutory power to hear and
render final judgments in "all cases under title 11 and all core
proceedings arising under title 11."  28 U.S.C. § 157(b)(1).  In
non-core proceedings that are otherwise related to a case under
title 11, bankruptcy courts shall "submit proposed findings of
fact and conclusions of law to the district court."  28 U.S.C. §
157(c)(1).  Bankruptcy courts do not have the authority to enter
final orders or judgments in non-core proceedings unless all of
the parties consent and the district court so refers the case.
28 U.S.C. § 257(c)(2).

Relevant to the Motion to Withdraw the Reference, "[t]he
district court may withdraw, in whole or in part, any case or
proceeding referred under this section, on its own motion or on
timely motion of any party, for cause shown."[4]  28 U.S.C. §
157(d).  "Minimum standards" the Court is to consider when
analyzing whether cause has been shown are "promoting uniformity

---

[4] The FBK Defendants moved to withdraw the reference within three months
of the Complaint having been filed.  The Court rejects any argument that the
Motion was not timely under the statute.

in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *In re* Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) (quoting *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985).

Also relevant to this inquiry is whether defendants are entitled to a jury trial and, if so, whether the trial is likely and whether the bankruptcy court has the power to hold such a jury trial. *In re* Orion Pictures Corp., 4 F.3d 1095, 1101-02 (2d Cir. 1993). The Bankruptcy Court may only hold a jury trial if all the parties so agree and the bankruptcy judge is "specially designated to exercise such jurisdiction by the district court." *See* 28 U.S.C. § 157(e).

## 1.

In regard to this standard, and contrary to the assertions of the FBK Defendants, the determination of whether the claims are core or non-core guides a cause analysis and, therefore, must be considered preliminary.[5] "For example, the fact that a

---

[5] Motions to withdraw the reference have been denied as premature where the bankruptcy court was not first given a chance to determine the core/non-core status of the claims. *See, e.g., Perkins v. Verma*, 2011 WL 5142937, *5 (D.N.J. 2011). For the purposes of this Motion an exact tallying of core/non-core claims is not essential to the analysis. Therefore, for the purposes of judicial efficiency, the Court will not require the FBK Defendants to first return to Bankruptcy Court for a core/non-core determination. *See Doctors Associates, Inc. v. Desai*, 2010 WL 3326726, *6 (2010).

bankruptcy court's determination on non-core matters is subject
to *de novo* review by the district court could lead the latter to
conclude that in a given case unnecessary costs could be avoided
by a single proceeding in the district court." *Id.* at 1101.

    The parties agree that four out of the five claims against
the FBK Defendants are core. "Core proceedings include . . .
proceedings to determine, avoid, or recover fraudulent
conveyances." 28 U.S.C. § 157(b)(1)(H). Four of the five claims
against the FBK Defendants fall under this statute.

    Golden Gate Defendants further assert, and FBK Defendants do
not dispute, that ten out of the sixteen total Counts of the
Complaint are core. In other words, the Complaint alleges a
mixture of core and non-core claims all arising from the same
facts.[6]


## 2.

    The Court now turns to whether FBK Defendants and Plaintiff
have satisfied the minimum standards necessary to show cause.
First, with regard to promoting uniformity in bankruptcy
administration, the Court's immediate reaction is that
withdrawing the reference would not promote uniformity because
bankruptcy cases are generally handled by bankruptcy judges. In

---

[6] As the following discussion illustrates, the precise ratio of core to
non-core claims will not be dispositive to this Motion.

addition, while non-core proceedings are subject to *de novo*
review both as to law and fact, core proceedings are subject to a
deferential standard of review with regard to fact, but *de novo*
with regard to law.   *See In re Morrissey*, 717 F.2d 100, 104 (3d
Cir. 1983) (quoting Fed.R.Bankr.P. 8013).   Therefore, withdrawing
the reference at this early stage of the litigation might "in
effect, derail[] the appellate process provided by statute."   *In
re* Pruitt, 910 F.2d at 1168 (quoting *Matter of Powelson*, 878 F.2d
976, 982 (7th Cir. 1989).

On the other hand, withdrawing the reference would promote
uniformity in bankruptcy administration in this particular case
insofar as all decisions would originate from one court.   If this
Court did not withdraw the reference, different standards of
review would apply to different claims, depending on whether the
claim was core or non-core.   This could result in the application
of different facts to different claims in the same case.   For
example, if the Bankruptcy Court found a certain fact relevant in
both a core and a non-core claim, but this Court found that fact
to be erroneous, though not clearly erroneous, then this Court
would be required to accept that fact for the core claim and
reject that fact for the non-core claim.   Uniformity in
bankruptcy administration would not be promoted by such an
irrational result.

The second minimum standard is reducing forum shopping and

8

confusion.  In this case, Plaintiff and the FBK Defendants both argue that the Bankruptcy Court may not have the authority to enter final judgments in this case.  *See Stern*, 131 S.Ct. 2594. Thus, after fully litigating the case, if the Bankruptcy Court did not have authority to enter final judgments, the parties could potentially have to re-litigate the entire case.  While the Court has serious doubts that *Stern* requires such a result, there is no doubt that the case has spawned significant confusion.  To avoid confusion and future collateral attacks on a judgment issued by the Bankruptcy Court, the prudent action is to withdraw the reference at this juncture.

Third, and interrelated with the factors above, proceeding directly in District Court will preserve the parties' resources. For one, the parties will not have to expend resources on non-core claims in Bankruptcy Court only for the Bankruptcy Judge to "propose[] findings of fact and conclusions of law to the district court" subject to *de novo* review.[7]  28 U.S.C. § 157(c)(1).  In addition, the parties will avoid expending resources on collateral litigation to determine whether the Bankruptcy Court was able to enter final judgments in accordance with *Stern*.

---

[7] Golden Gate Defendants urge this Court to allow preliminary proceedings to move forward in the Bankruptcy Court and withdraw the reference if and when a jury trial is required.  However, this would require two Courts to become intimately familiar with the case and does not address the financial costs inherent in two standards of review applying to core and non-core claims prior to trial.

Fourth, withdrawing the reference now will expedite the bankruptcy process. The parties can skip the Bankruptcy Court and proceed directly in this Court, which will eliminate a round of appeals. Furthermore, the reorganization process has already been completed, which only leaves litigation over state law claims. The District Court, perhaps even more so than the Bankruptcy Court, has the expertise to efficiently dispose of adversarial litigation.

Finally, the FBK Defendants aver that they have demanded a jury trial and do not consent to holding that trial in the Bankruptcy Court. In response the Golden Gate Defendants argue that the FBK Defendants should be deemed to have acquiesced to the Bankruptcy Court's jurisdiction because the FBK Defendants did not object to the provision of the reorganization plan that granted the Bankruptcy Court exclusive jurisdiction over the Litigation Trust.

To hold the jury trial in the Bankruptcy Court, "the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge." Therefore, this Court has the discretion to so refer the case. The Court declines to exercise that discretion here.

Although the above could end the inquiry, the Court also has serious doubts whether the FBK Defendants can be "deemed" to have

consented to the jurisdiction of the Bankruptcy Court.  For one, the Bankruptcy Court was defined in the reorganization plan to include "withdrawal of the reference [to district court]."  (*See* Reorganization Plan, Art. IA.24)  To the extent that the FBK Defendants can be "deemed" to have consented to the Bankruptcy Court's "exclusive" jurisdiction under the reorganization plan, the FBK Defendants properly moved to withdraw the reference to bankruptcy court by the very definition of bankruptcy court in the reorganization plan.  (*See* Reorganization Plan, Art. XI)  For this independent and separate reason, the jury trial could not be held in Bankruptcy Court.

In sum, the FBK Defendants have timely moved this Court to withdraw the reference and have established cause.  To conserve resources and avoid piecemeal litigation, the Court will withdraw the reference as to the entire adversary proceeding. Accordingly, the FBK Defendants' Motion to Withdraw the Reference will be granted.

**B.**

By deciding this Motion on statutory grounds, the Court need not address the constitutional impact of *Stern* on this case. There is no dispute that *Stern* only impacts the constitutionality of non-Article III tribunals to render final judgments.  *See Stern*, 131 S.Ct. at 2620.  The Court makes no opinion concerning

11

the scope and impact of *Stern* on future bankruptcy cases.

## III.

For the foregoing reasons, the FBK Defendants' Motion to Withdraw the Reference will be granted.

Dated: 12/14/11

_____

**JOSEPH E. IRENAS, S.U.S.D.J.**