IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Appleseed's Intermediate Holdings, LLC, et al.,<br><br>                   Debtors. | Chapter 11<br><br>Case No. 11-10160 (KG)<br>(Jointly Administered) |
| Robert N. Michaelson, as Trustee of the Appleseed's Litigation Trust,<br><br>                   Plaintiff,<br><br>    v.<br><br>Golden Gate Private Equity, Inc., et al.,<br><br>                   Defendants. | Adv. Proc. No. 11-51847 (KG)<br><br>Objection Deadline: September 29, 2011 at 4:00 p.m. (E.T.)<br>Hearing Date:  Only if Objections are filed.<br><br>Re: Adversary Docket No. 72 |

**PLAINTIFF'S MOTION PURSUANT TO SECTIONS 105 AND 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1(b), TO FILE UNDER SEAL PORTIONS OF ANY ANSWERING BRIEF FILED BY <u>PLAINTIFF IN CONNECTION WITH THE MOTIONS TO DISMISS</u>**

      Robert N. Michaelson, as Trustee ("<u>Plaintiff</u>") of the Appleseed's Litigation Trust (the "<u>Trust</u>"), by and through its counsel, Cooley LLP and Drinker Biddle & Reath LLP, hereby moves, pursuant to sections 105 and 107(b) of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), for the entry of an order authorizing Plaintiff to file under seal certain portions of any answering brief (an "<u>Answering Brief</u>") filed by Plaintiff in connection with (i) *Defendants, Jeffrey D. Farmer, Bradford J. Farmer, Brent Bostwick, and Vito Kowalchuk's Motion to Dismiss the Complaint* (Adv. Pro. D.I. 56, the "<u>FBK Motion</u>"), (ii) *The Golden Gate Defendants'*

*Partial Motion to Dismiss* (Adv. Pro. D.I. 58, the "GG Motion"), (iii) *Motion of Karinn Kelly to Dismiss the Complaint and Joinder in Motions to Dismiss Filed by Other Defendants* (Adv. Pro. D.I. 60, the "Kelly Motion"), and (iv) *The Webster Defendants' Partial Motion to Dismiss the Complaint* (Adv. Pro. D.I. 62, together with the FBK Motion, GG Motion, and Kelly Motion, the "Motions to Dismiss"). In support of this motion (the "Motion to Seal"), Plaintiff respectfully represents as follows:

## JURISDICTION AND VENUE[1]

1. This Court has jurisdiction over this Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings and the Motion to Seal is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The basis for the relief requested herein is sections 105 and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## BACKGROUND

**A.    The Bankruptcy Cases**

3. On January 19, 2011, Appleseed's Intermediate Holdings LLC d/b/a Orchard Brands and its debtor affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. In a final order approving postpetition financing (Main Case D.I. 315, the "Final Financing Order"), the Bankruptcy Court approved and implemented the transfer of certain causes of action of the Debtors' estates (the "Litigation Trust

---

[1] Defendants Jeffrey D. Farmer, Bradford J. Farmer, Brent Bostwick, and Vito Kowalchuk have filed a motion to withdraw the reference of the adversary proceeding (Adv. Pro. D.I. 21), which will be transferred to the District Court for the District of Delaware (the "District Court") for determination. If it becomes necessary, Plaintiff will move for relief similar to that sought in this Motion to Seal in the District Court, once a District Court judge has been designated and a case number established.

Causes of Action") to the Official Committee of Unsecured Creditors of the Debtors ("Committee"), which was duly appointed on January 28, 2011 by the Office of the United States Trustee, and further granted the Committee the exclusive right, and full standing, to, *inter alia*, investigate, institute, file, and prosecute such causes of action without further order.

4. On April 14, 2011, the Bankruptcy Court entered an order (Main Case D.I. 649) confirming the *Joint Plan of Reorganization of Appleseed's Intermediate Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (Main Case D.I. 638, the "Plan"). Pursuant to the Plan, the Litigation Trust Causes of Action, which include those set forth in the complaint filed by Plaintiff (Adv. Pro. D.I. 1, the "Complaint"), were vested in the Trust, and Plaintiff was granted exclusive right, authority and standing to investigate and prosecute the Litigation Trust Causes of Action. Furthermore, under the Plan, a committee of unsecured creditors (the "Oversight Committee") was formed on April 25, 2011 to monitor the Trustee's investigation and prosecution of the Litigation Trust Causes of Action. On April 27, 2011, Plaintiff filed the Complaint.

B. **Confidentiality Agreements**

5. As contemplated in the Final Financing Order and the Plan, the Committee investigated the Litigation Trust Causes of Action and engaged in informal discovery with numerous parties in interest, including the Debtors and certain of the defendants in this adversary proceeding. In connection with such informal discovery, Plaintiff and certain parties in interest in this litigation entered into to certain agreements and arrangements governing the confidential treatment of discovery materials.

6. All Oversight Committee members agreed to be bound by the *By-laws of the Oversight Committee Of Appleseed's Intermediate Holdings LLC, et al.*, pursuant to which Oversight Committee members agreed to keep confidential:

> All communications and information received from one or more of the Debtors or Reorganized Debtors, or their advisors, including without limitation, as to transactions, operations, financial conditions, plans, projections or results of operations of one or more of the Debtors or Reorganized Debtors, and any and all correspondence, reports and memoranda prepared by the Oversight Committee's retained financial and legal advisors for the benefit of the Oversight Committee . . . [2]

¶ I.G.1. In addition, certain of the information that has been produced by the Debtors is designated "Confidential," "Highly Confidential," and/or "Professionals' Eyes Only."

7. Committee and Oversight Committee members have also executed an *Agreement Covering the Production and Use of Confidential Materials* (the "Golden Gate Confidentiality Agreement") with Golden Gate Private Equity, Inc. which applies to all documents, materials, and other information produced or disclosed by Golden Gate Private Equity, Inc., or its affiliates or representatives (collectively, "Golden Gate"). Under the Golden Gate Confidentiality Agreement:

> All documents, material, deposition testimony, and other information marked or designated 'Confidential' and any copies thereof, and the information contained therein, shall be treated as confidential and shall not be given, shown, disseminated, disclosed, made available or communicated in any way to anyone except: (a) the Bankruptcy Court for the District of Delaware and its staff; provided however, that to the extent that time permits, the Committee shall not file such materials, except under seal, without first giving written notice to Golden Gate so as to enable Golden Gate to have a reasonable opportunity to seek protective relief[.]

---

[2] The Committee by-laws also contain a substantially similar provision.

¶ 3. Most of the information provided by Golden Gate was designated "Confidential," "Highly Confidential," and/or "Professionals' Eyes Only."

8. Finally, certain other parties in interest provided documents and information to the Committee that were designated as "Confidential," "Highly Confidential," and/or "Professionals' Eyes Only" (such other parties, together with the Debtors and Golden Gate, the "<u>Producing Parties</u>," and such information and documents designated as "Confidential," "Highly Confidential," and/or "Professionals' Eyes Only" by the Producing Parties, the "<u>Designated Information</u>").

C. **Previous Orders Granting Related Relief**

9. In light of the foregoing confidentiality agreements, the Committee filed a motion (Main Case D.I. 582) seeking authority to file under seal portions of any adversary complaint that it may file in the future. On April 14, 2011, the Court entered an order (Main Case D.I. 586, the "<u>Complaint Sealing Order</u>") (i) granting such motion and (ii) providing that those portions of any complaint that directly or indirectly disclose Designated Information (the "<u>Complaint Sealed Portions</u>") shall remain under seal until further Order of the Court.

10. The Trustee also filed a motion (Adv. Pro. D.I. 37) seeking authority to file under seal portions of any pleading (a "<u>Withdrawal of Reference Pleading</u>") filed in connection with the motions of certain defendants to withdraw the reference of the adversary proceeding (Adv. Pro. D.I. 21) and determine core/non-core status (Adv. Pro D.I. 23). On August 17, 2011, the Court entered an order (Adv. Pro. D.I. 52, together with the Complaint Sealing Order, the "<u>Sealing Orders</u>") (i) granting such motion and (ii) providing that those portions of any pleading filed by Plaintiff in connection with the motion to withdraw the reference that directly or

indirectly disclose Designated Information (together with the Complaint Sealed Portions, the "Sealed Portions") shall remain under seal until further Order of the Court.

11. Finally, certain of the defendants (the "GG Defendants") in this adversary proceeding recently filed a motion (Adv. Pro. D.I. 62, the "GG Seal Motion") requesting authority to file under seal certain portions of the GG Motion and related documents. On September 9, 2011, the Court issued an order (Adv. Pro. D.I. 71) granting the GG Seal Motion and authorizing the GG Defendants to file under seal those portions of the GG Motion and related documents that directly or indirectly disclose Designated Information.

**D.    Briefing Order on Motions to Dismiss**

12. The Motions to Dismiss were filed on August 19, 2011. On August 31, 2011, the Court entered an order (Adv. Pro. D.I. 69, the "Briefing Order") setting a briefing schedule for the Motions to Dismiss, pursuant to which Plaintiff must file any answering brief on or before September 12, 2011. Plaintiff anticipates filing an answering brief, which, if not redacted, would reveal Designated Information that was previously protected from disclosure by the Court's Sealing Orders.

**RELIEF REQUESTED**

13. Plaintiff requests authority pursuant to sections 105 and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1 to file under seal those portions of any Answering Brief that directly or indirectly disclose Designated Information.[3]

---

[3] The filing under seal of certain portions of any Answering Brief will neither be an admission or declaration against interest that the Designated Information should remain under seal. Rather, such filing under seal is for procedural purposes until the Producing Parties agree to unseal the Designated Information or the Court orders the Designated Information unsealed after further proceedings.

**BASIS FOR RELIEF**

14. Section 107(b)(1) of the Bankruptcy Code provides in relevant part that, on request of a party in interest, the bankruptcy court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1).

15. In turn, Bankruptcy Rule 9018 provides that, "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

16. Local Rule 9018-1(b) states that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

17. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking its protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in § 107(b), "the court is **required** to protect a requesting party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d at 27 (emphasis in original).

18. Under the plain language of section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b), and in light of the Court's broad equitable powers under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary

or appropriate to carry out the provisions of this title," Plaintiff seeks authorization to file under seal those portions of any Answering Brief that rely on or disclose Designated Information.

19. Any Answering Brief is likely to, directly or indirectly, disclose Designated Information. The Committee entered into confidentiality agreements with certain of the Producing Parties, and while those agreements enabled substantial informal discovery to occur before the Complaint was filed, they also arguably prohibit Plaintiff from disclosing Designated Information. Furthermore, the Sealing Orders require that the Sealed Portions of the Complaint and Withdrawal of Reference Pleadings remain under seal until further Order of the Court. The Designated Information that this Motion to Seal is designed to protect is identical to the Designated Information protected by the Sealing Orders.

20. While it is possible that Plaintiff will conclude that portions of the Designated Information that would be disclosed in any Answering Brief were incorrectly designated as confidential or previously disclosed by a third-party and no longer subject to any confidentiality agreement, there is simply insufficient time to reach a resolution of these issues and meet the deadlines set by the Briefing Order.

21. Therefore, to the extent that any portion of any Answering Brief would directly or indirectly disclose any Designated Information falling within the categories identified in section 107(b) of the Bankruptcy Code, Plaintiff should be authorized to file those portions of any Answering Brief under seal until the Producing Parties agree to unseal the Designated Information, or the Court orders them unsealed.

## **NOTICE**

22. This Motion to Seal has been served by electronic mail or overnight mail on (i) counsel for the defendants in this adversary proceeding and (ii) any party that has filed a notice

of appearance in this adversary proceeding.  Plaintiff submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be given.

23. No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE,** for the reasons set forth herein, Plaintiff respectfully requests that this Court enter an order (a) authorizing Plaintiff to file certain portions of any Answering Brief under seal, and (b) granting Plaintiff such further relief as is just and proper.

Dated: September 12, 2011        **DRINKER BIDDLE & REATH LLP**

/s/   Howard A. Cohen
Howard A. Cohen (DE 4082)
Robert K. Malone (admitted *pro hac vice*)
Michael P. Pompeo (admitted *pro hac vice*)
1100 North Market Street, Suite 1000
Wilmington, DE  19801
(302) 467-4200
Howard.Cohen@dbr.com
Robert.Malone@dbr.com
Michael.Pompeo@dbr.com

- and -

COOLEY LLP
Jay R. Indyke (admitted *pro hac vice*)
Cathy Hershcopf (admitted *pro hac vice*)
Richard S. Kanowitz(admitted *pro hac vice*)
1114 Avenue of the Americas
New York, NY 10036
(212) 479-6000
jindyke@cooley.com
chershcopf@cooley.com
rkanowitz@cooley.com

*Counsel for Robert N. Michaelson, as Trustee of the Appleseed's Litigation Trust*

WM01/ 7877215.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Appleseed's Intermediate Holdings, LLC, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 11-10160 (KG)<br>(Jointly Administered) |
| Robert N. Michaelson, as Trustee of the Appleseed's Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>Golden Gate Private Equity, Inc., et al.,<br><br>Defendants. | Adv. Proc. No. 11-51847 (KG)<br><br><br><br><br><br>Re: Adversary Docket Nos. \_\_\_\_\_ |

**ORDER GRANTING PLAINTIFF'S MOTION PURSUANT TO SECTIONS 105 AND 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018, AND LOCAL RULE 9018-1(b), TO FILE UNDER SEAL PORTIONS OF ANY ANSWERING BRIEF FILED BY PLAINTIFF IN CONNECTION WITH THE MOTIONS TO DISMISS**

The Court having considered the *Plaintiff's Motion Pursuant to Sections 105 and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b), To File Under Seal Portions of Any Answering Brief Filed by Plaintiff in Connection with the Motions to Dismiss* (the "Motion");[1] and it appearing that this Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due notice of the Motion has been given and that no other or further notice need be given; and the Court having

---

[1] All terms not defined herein shall have the meaning ascribed to them in the Motion.

WM01/ 7877215.1

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY:**

**ORDERED,** that the Motion is GRANTED; and it is further

**ORDERED,** that Plaintiff is authorized, pursuant to sections 105 and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b), to file under seal those portions of any Answering Brief or subsequent briefs related to the Motions to Dismiss that directly or indirectly disclose Designated Information (the "<u>Sealed Portions</u>"); and it is further

**ORDERED**, that the Sealed Portions shall remain under seal until further Order of the Court, unless the applicable Producing Party and the Plaintiff otherwise agree; and it is further

**ORDERED**, that any person or entity receiving a copy of the Sealed Portions shall keep such material confidential pursuant to this Order; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: _____, 2011
         Wilmington, DE

_____
THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY JUDGE

WM01/ 7877215.1