**DrinkerBiddle&Reath**
L L P

Howard A. Cohen
302-467-4213
howard.cohen@dbr.com

*Law Offices*
1100 North Market Street
Suite 1000
Wilmington, DE
19801-1254

302-467-4200 phone
302-467-4201 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

*Established 1849*

May 2, 2012

**By Electronic Mail and Hand Delivery**

Honorable Kevin Gross, Chief United States Bankruptcy Judge

    Re:  Michaelson v. Farmer, Civ. No. 11-807 (D. Del.) (JEI/KW) (the "District Court Action")

    In re: Appleseed's Intermediate Holdings, LLC (the "Debtors") (Bankr. D. Del.)(KG) (the "Bankruptcy Court Case")

Dear Judge Gross:

    As you may recall, our firms are counsel to Robert N. Michaelson, the trustee (the "Trustee") of that certain litigation trust established under the Debtors' confirmed plan of reorganization in the Bankruptcy Court Case (the "Confirmed Plan") [D.I. 304] and the plaintiff (the "Plaintiff") in the District Court Action. In the District Court Action, the Complaint alleges causes of action arising out of the 2007 Golden Gate Transaction (as defined in the Confirmed Plan), including payments of a $310 million dividend, as well as other transfers and conduct. Notwithstanding the fact that the litigation has been pending for over one year and the District Court issued an opinion and order denying all motions to dismiss, two of the defendants (the "Moving Defendants") in the District Court Action recently filed the "*Motion of Stefan Kaluzny and Joshua Olshansky for Order Clarifying that Under the Plan of Reorganization and Confirmation Order They were Granted the Releases Agreed Upon by the Parties in the Bankruptcy Case*" (the "Motion") (Bankruptcy Court Case ECF #s1082-1086) in this Court and are simultaneously seeking discovery in connection with the pending Motion. Due to the fact that the Moving Defendants opted to seek relief from this Court in connection with claims and alleged affirmative defenses pending in the District Court Action, we must respectfully request this Court's intervention in the instant dispute. We are requesting a telephonic hearing because we do not believe that discovery is appropriate in this Court and believe that a telephonic hearing may potentially obviate or limit further motion practice before this Court.

    On April 13, 2012, Magistrate Judge Karen M. Williams entered an Order for Scheduling Conference (the "Order") in the District Court Action. The Order, a copy of which is attached hereto, (i) requires the parties to confer and attempt to enter into a consensual discovery plan, (ii) applies to, among other things, "all information that may be used by a party to support a claim or **defense**", and (iii) indicates that unless the parties agree otherwise, the court will enforce Federal Rule limits on the number of interrogatories and depositions parties may seek. (Emphasis added).

WM01/ 7899994.1

DrinkerBiddle&Reath
L L P

The Honorable Kevin Gross
May 2, 2012
Page 2

    In their answer to Plaintiff's complaint dated March 29, 2012, the Moving Defendants' raise as their Thirty-Fourth, Thirty-Fifth, and Thirty-Seventh Affirmative Defenses, that the releases granted to certain parties under the Confirmed Plan apply to them (Answer, District Court Action ECF # 46). Specifically, the Thirty-Seventh Affirmative Defense contends "Defendants Joshua Olshansky and Stefan Kaluzny were improperly named in the Complaint because they were Released Parties under the Plan."

    Even though the issue of whether the Moving Defendants are a released party under the Confirmed Plan is now squarely before the District Court and falls within the ambit of the Order, the Moving Defendants are trying to circumvent the District Court Action and have this Court rule on the merits of their affirmative defenses. In furtherance of the Moving Defendants litigation tactics, on April 13, 2012 the Moving Defendants filed the Motion. Next, on April 25, 2012, the Moving Defendants sent Kirkland & Ellis, LLP, former counsel to the Debtors, certain notices seeking documents and testimony (the "Discovery") (Bankruptcy Court Case ECF # 1093) in connection with the Motion. In response to a letter we served on counsel to the Moving Defendants, on May 1, 2012, counsel for the Moving Defendants sent undersigned counsel an email attaching a copy of the 30(b)(6) deposition notice that it previously served on Kirkland & Ellis, LLP. Additionally, later that day they sent a copy of the documents requests served on Kirkland & Ellis, LLP, which requests indicate that responses to the requests are due on May 2, 2012. But for the CM/ECF generated emails indicating that notices of service were filed on the docket, undersigned counsel would be completely unaware of the Discovery.

    We have asked the Moving Defendants to withdraw the Motion and the Discovery and proceed only in the District Court Action, but they have declined to do so. A copy of Plaintiff's letter and the Moving Defendants' response is attached hereto.

    In his opposition to the Motion (Bankruptcy Court Case ECF #1097), the Trustee makes clear that the Motion is procedurally defective and substantively meritless by showing that (i) the Confirmed Plan is unambiguous: it excludes the Moving Defendants from the definition of Current Debtor Directors (as defined in the Confirmed Plan) and the Confirmed Plan's releases, and extrinsic evidence should not be considered; (ii) the Court should abstain from hearing the Motion because the Moving Defendants have already put this very issue before the District Court in the District Court Action in their affirmative defenses to the Plaintiff's complaint; (iii) the Motion purportedly seeks to "clarify" the Confirmed Plan but in reality is an untimely and improper attempt to modify a substantially consummated plan of reorganization; and (iv) the Moving Defendants have not, and cannot, prove that there was any mutual or unilateral mistake in the release provisions of the Confirmed Plan.

WM01/ 7899994.1

DrinkerBiddle&Reath LLP

The Honorable Kevin Gross
May 2, 2012
Page 3

    We thank the Court for its time and consideration of this matter and firmly believe that a telephonic hearing will streamline the proceedings before this Court.

Respectfully submitted,

*/s/ Howard A. Cohen*

Howard A. Cohen (DE 4082)

VIA ELECTRONIC MAIL ONLY

cc.:    Robert N. Michaelson
       Jay Indyke
       Robert Moore
       Linda Dakin-Gramm
       Sander Bak
       Domenic E. Pacitti
       Joshua Sussberg
       The Honorable Joseph E. Irenas
       The Honorable Karen M. Williams
       All counsel of record in the District Court Action

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Michaelson

               Plaintiff

v.

Farmer, et al.,

               Defendant

Civil No. 11-807 (JEI)(KW)
Judge Joseph E. Irenas, U.S.D.J.

Arbitration: Yes __ No _X_

Jury: Yes _X_ No __

ORDER FOR SCHEDULING CONFERENCE

TO: All Counsel

IT IS on this 13th Day of April, 2012 ORDERED THAT:

(1) A Scheduling Conference shall be conducted before the undersigned on June 7, 2012 at 2:00 p.m. in room 2040 of the Mitchell H. Cohen Federal Building & U.S. Courthouse, Camden, New Jersey. See Fed. R. Civ. P. 16 and Local Civil Rule 16.1. The purpose of the conference is to focus counsel's attention on the issues actually in dispute and arrive at a schedule to manage discovery. The Court strives in all cases for a just, speedy and inexpensive determination of every action. Fed. R. Civ. P. 1. COUNSEL MUST BE PREPARED TO COMPLETE ALL DISCOVERY AND BE READY FOR TRIAL WITHIN SIX (6) TO EIGHT (8) MONTHS OF THE SCHEDULING CONFERENCE IN MOST CASES. The Scheduling Order will reflect these goals.

(2) Counsel are advised that the early disclosure requirements of Fed. R. Civ. P. 26 (a)(1) will be strictly enforced. Therefore, counsel shall immediately exchange the following information that may be used by a party to support a claim or defense: contested facts,

> identities of individuals likely to have knowledge of discoverable facts,
>
> documents and things in the possession of counsel or the party, including All records of treatment by health care professionals, if a personal injury is claimed,
>
> insurance agreements in force, and
>
> statement of the basis for any damages claimed.

COUNSEL SHOULD NOT FILE ANY OF THE AFOREMENTIONED WITH THE COURT.

(3) At least twenty-one (21) days prior to the conference scheduled herein, counsel shall confer pursuant to Fed. R. Civ. P. 26 (f), and shall submit a discovery plan to the undersigned not later than 24 hours prior to the conference with the Court. The discovery plan shall include a brief summary of the facts of the case, the status of settlement negotiations and shall address the parties' views and proposals concerning discovery as set forth in Local Civil Rule 26.1 (b)(2). Prior to the Rule 26 (f) conference, counsel shall also comply with Local Civil Rule 26.1 (d) concerning discovery of digital information.

(4) Counsel are further advised that unless the parties stipulate otherwise, and the Court concurs, the Rules limit the number of interrogatories (25) and depositions (10) which each party may seek. See Rules 26 (b), (d). Fed. R. Civ. P. 30 (d) (2) limits depositions to one day of seven hours. The Court may also regulate the conduct of depositions. See Hall v. Clifton Precision, 150 F.R.D. 525 (E.D. PA. 1993); Fed. R. Civ. P. 30(d) (1).

(5) At the conference with the Court, all parties who are not appearing pro se shall be represented by counsel who shall be familiar with the file and shall have full authority to bind their clients in all pre-trial matters. Counsel shall also be prepared to discuss settlement. Clients or persons with authority over the matter shall be available by telephone. See Local Civil Rule 16.1 (a) (4);

(6) Counsel shall consult with their clients before the conference and be prepared to advise the Magistrate Judge whether the parties consent to trial before the Magistrate Judge. Local Civil Rule 73.1 (a).

(7) Counsel shall discuss with clients the Court's mediation program. L.Civ.R. 301.1 (see attached notice). The Court will discuss mediation and other options at the Initial Scheduling Conference.

(8) Counsel for plaintiff(s) shall notify any party who hereafter enters an appearance, of the above conference and forward to that party a copy hereof, together with a copy of any Scheduling Order entered as a result of this conference.

(9) The parties shall advise the Judge and Magistrate Judge immediately if this matter has been settled or terminated so that the above conference may be cancelled; and

(10) Failure to comply with the terms hereof may result in the imposition of sanctions.

(11) Counsel are further advised that communications to the Court by FAX will be accepted. All communications to the Court shall be in writing or by telephone conference with prior approval.

                Honorable Karen M. Williams
                United States Magistrate Judge

Orig. Clerk
cc: Magistrate Judge
  All Counsel

ALTERNATIVE DISPUTE RESOLUTION

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Mediation is the Alternative Dispute Resolution ("ADR") program in this Court. Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is supervised by a judicial officer (at present United States Magistrate Judge Madeline Cox-Arleo) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26 (f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that must be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time. However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26 (a) (1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent. The first three hours of a mediator's time is free. The mediator's hourly rate thereafter is $300.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site, PACER (pacer.njd.uscourts.gov) and appear as Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.

Civil actions in which there are pro se parties (incarcerated or not) are not eligible for mediation.

DNJ-Med-001 (05-08)



Richard S. Kanowitz
T: +1 212 479 6167
rkanowitz@cooley.com

April 30, 2012

**By Electronic Mail and Regular Mail**

Linda Dakin-Grimm, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413

    Re: **Michaelson v. Farmer, Civ. No. 11-807 (D. Del.) (JEI/KM) (the "District Court Action")**

    **In re: Appleseed's Intermediate Holdings, LLC (Bankr. Del.)(KG) (the "Bankruptcy Court Case")**

Dear Ms. Dakin-Grimm:

    As counsel to the plaintiff in the District Court Action, I write to request that your firm cause the immediate withdrawal of the improper Motion of Stefan Kaluzny and Joshua Olshansky for Order Clarifying that Under the Plan of Reorganization and Confirmation Order They were Granted the Releases Agreed Upon by the Parties in the Bankruptcy Case (the "Motion") filed on April 13, 2012 (Bankruptcy Court Case ECF #s1082-1086), and the discovery propounded on April 25, 2012 in connection with the Motion seeking documents and testimony (the "Discovery") from Kirkland & Ellis, LLP, former counsel to the Appleseed's Intermediate Holdings, LCC debtors (the "Debtors") in the Bankruptcy Court Case (Bankruptcy Court Case ECF # 1093).[1]

    In their answer to plaintiff's complaint dated March 29, 2012, the GGC Defendants, which include, among other defendants you represent, Stephan Kaluzny and Joshua Olshansky, raised as their Thirty-Fourth, Thirty-Fifth, and Thirty-Seventh Affirmative Defenses, that the releases granted to certain parties under the Debtors' plan of reorganization in the Bankruptcy Court Case apply to them (Answer, District Court Action ECF # 46).

---

[1] Plaintiff's opposition (the "Opposition") to the Motion demonstrates that the Motion is procedurally improper and substantively meritless (Bankruptcy Court Case ECF #1097). As of the date of this letter we have not received a copy of any discovery/deposition notice propounded by you to Kirkland & Ellis, LLP. We were alterted to the improper discovery demands through ECF upon the filing of the Notice of Service of same.



April 30, 2012
Page Two

Specifically, the Thirty-Seventh Affirmative Defense contends "Defendants Joshua Olshansky and Stefan Kaluzny were improperly named in the Complaint because they were Released Parties under the Plan."

The Order for Scheduling Conference issued on April 13, 2012 by Magistrate Judge Karen M. Williams (the "Order") (i) requires the parties to confer and attempt to enter into a consensual discovery plan, (ii) applies to, among other things, "all information that may be used by a party to support a claim or defense", and (iii) indicates that unless the parties agree otherwise, the court will enforce Bankruptcy Rule limits on the number of interrogatories and depositions parties may seek.

The Motion, and the Discovery your clients' seek in connection with the Motion, violate the Order. Kindly advise us in writing **by 5 pm on May 1, 2012** whether you agree to withdraw the Motion and Discovery from the Bankruptcy Court Case and instead, agree to address the purported "release" of the defendants in the District Court Action.

The forgoing is without prejudice to the rights of my client, none of which are waived and all of which are reserved.

Very truly yours,

Richard S. Kanowitz

VIA ELECTRONIC MAIL ONLY
cc.:   Robert N. Michaelson
       Jay Indyke
       Robert Moore
       Sander Bak
       Domenic E. Pacitti
       Joshua Sussberg
       All counsel of record in the District Court Action

# MILBANK, TWEED, HADLEY & MCCLOY LLP

601 SOUTH FIGUEROA STREET

THIRTIETH FLOOR

LOS ANGELES, CA 90017-5735

213-892-4000

FAX: 213-629-5063

NEW YORK
212 530-5000
FAX 213-530-5219

WASHINGTON, D.C.
202 835 7500
FAX 202-835-7586

LONDON
44-20-7615-3000
FAX 44-20-7615-3100

FRANKFURT
49-69-7-914-3400
FAX 49-69-7-914-3500

MUNICH
49-89-25559-3600
FAX 49-89-25559-3700

BEIJING
8610-5969-2700
FAX: 8610-5969-2707

HONG KONG
852-2971-4888
FAX: 852-2840-0792

SINGAPORE
65-6428-2400
FAX: 65-6428-2500

TOKYO
813-5410-2801
FAX: 813-5410-2891

SÃO PAULO
55-11-3927-7700
FAX: 55-11-3927-7777

LINDA DAKIN-GRIMM
PARTNER
DIRECT DIAL NUMBER
213-892-4404
FAX: 213-892-4704
E-MAIL: ldakin-grimm@milbank.com

May 1, 2012

## BY ELECTRONIC MAIL AND FEDEX

Richard Kanowitz, Esq.
Cooley LLP
The Grace Building
1114 Avenue of the Americas
New York, NY 10036

Re:  *In re Appleseed's Intermediate Holdings, LLC*, No. 11-10160 (Bankr. D. Del.) (KG)
("Bankruptcy Court Case")
*Michaelson v. Farmer*, Civ. No. 11-807 (D. Del.) (JEI/KM)
("District Court Action")

Dear Richard:

We write in response to your letter of yesterday.

On April 13, 2012, we filed in the Bankruptcy Court Case the Motion of Stefan Kaluzny and Joshua Olshansky For An Order Clarifying That Under The Plan Of Reorganization And Confirmation Order They Were Granted The Releases Agreed Upon By The Parties In The Bankruptcy Case (the "Motion"). Until yesterday, we had not heard from you with regard to that Motion. Yesterday, you filed the Trustee's Brief in Opposition to the Motion in which you argue, among other things, that the Motion should have been filed in the District Court. You also sent me a letter yesterday afternoon in which you asked me to respond today as to whether we will withdraw the Motion from the Bankruptcy Court to the District Court.

Our Reply on the Motion, which we will file in the Bankruptcy Court on May 21, 2012, will respond to the arguments you raise in the Opposition regarding which Court should decide the Motion. But the short answer is that we will not withdraw the Motion from the Bankruptcy Court. The issues addressed in the Motion relate directly to the Plan Proponent

Debtors' intentions in presenting the Joint Plan of Reorganization that was confirmed in the Bankruptcy Court and the Bankruptcy Court's understanding of which individuals were being released pursuant to that Plan and the Confirmation Order that it entered. The negotiations, statements at Bankruptcy Court hearings before Judge Gross, and filings relevant to the Motion all were in the context of the Chapter 11 cases over which Judge Gross presided. The Bankruptcy Court is undisputedly the Court that is most familiar with the issues raised in the Motion and it was appropriate to file the Motion in that Court. On the other hand, your strategy appears to be an effort to avoid having the Motion decided by the Court most familiar with the issues.[1]

We will also not be withdrawing the discovery requests directed to Kirkland & Ellis, LLP ("Kirkland") in connection with the Motion.[2] For the reasons discussed above (and to be elaborated in our Reply), the Motion is properly before the Bankruptcy Court as a contested matter. Thus, the discovery requests are appropriate under Federal Rule of Bankruptcy Procedure 9014(c). But even if the Motion were to proceed in the District Court, the discovery would still be necessary to address the issues raised on the Motion. The discovery obviously does not violate Magistrate Judge Karen M. William's Scheduling Order in the District Court because the Motion was filed in the Bankruptcy Court and is independent of the adversary proceeding. Moreover, the initial Rule 26(f) conference took place last week, so even in the District Court discovery is now underway.

We understand from Kirkland that they will be producing documents within a few days in response to our discovery requests. They also will be providing us with a date shortly for the Kirkland deposition.

In connection with the Opposition, you filed a Declaration of Jay R. Indyke of Cooley LLP ("Cooley"), providing his view of the releases in the Joint Plan and attaching several emails. If you intend to have Mr. Indyke testify at the hearing and/or to introduce any of those exhibits, we will need to conduct Mr. Indyke's deposition in the next two weeks and obtain discovery from Cooley of any documents and communications (of any type) relevant to the issues addressed in the Motion. Please let us know by tomorrow whether you will accept service of those discovery requests by email.

Finally, we note on behalf of Golden Gate Private Equity, Inc. ("Golden Gate"), that you have still not responded to the serious ethical issues I raised in my letter to you, dated April 5, 2012. We noted in that letter that it had come to Golden Gate's attention that two investment vehicles in GGC Investment Fund II, L.P. and its parallel fund GGC Investment Fund

---

On April 16, 2012, we filed in the District Court a notice of filing of the Motion.

You write that "[a]s of the date of this letter we have not received a copy of any discovery/deposition notice propounded by you to Kirkland & Ellis, LLP," but that you were alerted to the discovery requests through the ECF filing of the Notice of Service that we filed the same day that our requests were sent out. It is not clear to me why you didn't call or email me when you saw the ECF notice to ask for a copy of the discovery requests or why you would write a letter demanding that we withdraw our discovery requests when you acknowledge that you have not even seen those requests. In any event, I understand that our Delaware co-counsel this morning sent you a copy of the discovery requests.

2

...

II-A, L.P. (collectively, "GG Fund II"), both of which received proceeds from the distributions in connection with the 2007 transactions that are the subject of the litigation, are owned by Cooley and/or certain partners or other employees of the Cooley firm. We told you in that letter that those investment vehicles are identified as GC&H Investments and GC&H Investments, LLC and own an investment of several million dollars in GG Fund II.

We noted in the April 5 letter that significant ethical concerns are implicated by the fact that the law firm representing the Trustee in a litigation against Golden Gate and related defendants, or several of its attorneys, are indirect equity holders of the Chapter 11 Debtors and have a personal financial stake in Golden Gate funds that received proceeds from the very transactions at issue in the litigation. We also noted that it appears that Cooley, in violation of Rule 2014 of the Federal Rules of Bankruptcy Procedure, failed to disclose this investment in its application to be retained as counsel to the Official Committee of Unsecured Creditors in the Appleseed's Chapter 11 Cases or any subsequent filing in the chapter 11 cases or the adversary proceeding, including in connection with its negotiations with the Debtors regarding the release granted Cooley under the Plan and its engagement by the Trustee to prosecute the litigation.

You have avoided responding to any of the substantive issues raised in our April 5 letter. Instead, on April 9, 2012, you sent me a letter in which you stated that Cooley "does not own or have a financial interest in the purported investment vehicles" identified in my April 5 letter. But your firm's website states: "We invite eligible associates to participate in GC&H Investments LLC, a limited liability company formed to take advantage of investment opportunities (in startup and emerging companies) that become available to Cooley LLP attorneys. Each calendar year, a new fund in GC&H Investment LLC is formed and partners, special counsel and eligible associates are invited to participate." This is the same investment vehicle identified in our April 9 letter, which means (unless the information on Cooley's website is inaccurate) that your representation that "Cooley does not own or have a financial interest" in this investment vehicle is, at a minimum, highly misleading.

In the Opposition, you dismiss this issue by saying that "the Golden Gate Directors fail to provide any evidence of such distributions [to Cooley], much less that Cooley had knowledge of the distributions or their source." This entirely misses the point. It is Cooley's obligation alone to determine whether it was disinterested or otherwise had a conflict and disclosure obligations in representing the Official Creditors Committee in the chapter 11 cases and whether it has a conflict in representing the Trustee.[3] If GC&H Investments LLC is, as described on your firm's website, a fund affiliated with the Cooley firm and in which Cooley "partners, special counsel and eligible associates are invited to participate", the Cooley firm should have every ability to determine what distributions that investment vehicle and its equity holder investors received. Indeed, that information should have been determined before Cooley took on the representation for the Committee and again before Cooley took on the representation of the Litigation Trustee in the lawsuit against Golden Gate.

---

*See New York County Lawyers' Ass'n v. Bloomberg*, 940 N.Y.S. 2d 229, 238 (App. Div. 2012) ("In practice, it is the provider or attorney that has the ethical duty to determine whether a conflict of interest exists (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.7–1.10)."

3

Moreover, whether or not GC&H Investments LLC received distributions in connection with the 2007 dividend, if that investment vehicle, which has an investment in GG Fund II, is affiliated with Cooley – as Golden Gate's records and your firm's website indicate that it is – then that fact alone should have been disclosed in Cooley's retention application in the Bankruptcy Court and creates a potential conflict between Cooley and the Trustee.

These are serious ethical issues that we are raising for the purpose of ensuring that there is full disclosure to all parties and the Court of any potential conflicts by the Cooley firm and to confirm whether Cooley has complied with all of its disclosure obligations. Your failure for the past month to respond directly to our questions, even as you continue to represent the Trustee, only exacerbates the misconduct if it turns out that there is a conflict that Cooley has not resolved or a disclosure obligation to its client, the Trustee, or to the Bankruptcy Court that should have been made long ago.

In order to bring clarity to the potential ethical issues at stake, we ask that you respond to the each of the questions raised in my April 5 letter. Again, those questions are:

(1) The information available to us indicates that there is an affiliation between GC&H Investments, LLC (an investment vehicle in two Golden Gate funds known as GG Fund II) and the Cooley law firm. Is that correct?

(2) If so, why did Cooley in its application and other pertinent filings in the Chapter 11 Cases and in the District Court lawsuit fail to disclose its investment in GG Fund II or its affiliation with an investment vehicle that invests in Golden Gate funds?

(3) Is it Cooley's position that the firm, its partners, its special counsel, its associates, GC&H Investments, and/or GC&H Investments, LLC fall within the definition of "Released Party" in the Appleseed's Joint Plan of Reorganization it participated in negotiating?

(4) Please confirm that the Trustee was fully aware of Cooley's investment in GG Fund II in connection with his engagement of Cooley in this litigation and, if he was, inform us why the appropriate disclosures to the Court were not made at the outset of that engagement.

Sincerely,

*Linda Dakin-Grimm* /JAC

Linda Dakin-Grimm

cc: Jay Indyke, Esq.
Dominic Pacitti, Esq.
Joshua Sussberg, Esq.
Robert J. Moore, Esq.
Sander Bak, Esq.