# MILBANK, TWEED, HADLEY & McCLOY LLP

### 601 SOUTH FIGUEROA STREET

### THIRTIETH FLOOR

### LOS ANGELES, CA 90017-5735

———

213-892-4000

FAX: 213-629-5063

**NEW YORK**
212-530-5000
FAX: 212-530-5219

**WASHINGTON, D.C.**
202-835-7500
FAX: 202-835-7586

**LONDON**
44-20-7615-3000
FAX: 44-20-7615-3100

**FRANKFURT**
49-69-71914-3400
FAX: 49-69-71914-3500

**MUNICH**
49-89-25559-3600
FAX: 49-89-25559-3700

**BEIJING**
8610-5969-2700
FAX: 8610-5969-2707

**HONG KONG**
852-2971-4888
FAX: 852-2840-0792

**SINGAPORE**
65-6428-2400
FAX: 65-6428-2500

**TOKYO**
813-5410-2801
FAX: 813-5410-2891

**SÃO PAULO**
55-11-3927-7700
FAX: 55-11-3927-7777

LINDA DAKIN-GRIMM
PARTNER
DIRECT DIAL NUMBER
213-892-4404
FAX: 213-892-4704
E-MAIL: ldakin-grimm@milbank.com

May 2, 2012

**<u>BY ELECTRONIC AND U.S. MAIL</u>**

Honorable Kevin Gross
Chief United States Bankruptcy Judge
824 North Market Street
Wilmington, DE 19801

Re:  *In re Appleseed's Intermediate Holdings, LLC*, No. 11-10160 (Bankr. Del.) (KG)
("Bankruptcy Court Case")
*Michaelson v. Farmer*, Civ. No. 11-807 (D. Del.) (JEI/KM)
("District Court Action")

Dear Judge Gross:

We are counsel to, *inter alia*, Stefan Kaluzny and Joshua Olshansky (the "Directors") in the above-referenced Bankruptcy Court Case and District Court Action. We write to address issues raised in today's letter to Your Honor from counsel to Robert N. Michaelson, the trustee ("Trustee") of the litigation trust established under the confirmed plan of reorganization [Bankr. D.I. 638] (the "Plan") in the Bankruptcy Court Case.

The Plan, which was confirmed by this Court on April 14, 2011 [Bankr. D.I. 649] (the "Confirmation Order"), created a litigation trust to assert certain causes of action belonging to the Debtors' estates. The Plan and Confirmation Order also provided for the release of certain parties. On April 27, 2011, after the Confirmation Order was entered and the Plan became effective, the Trustee initiated an adversary proceeding (the "Adversary Proceeding") in this Court against numerous parties, including the Directors. On December 14, 2011, the United States District Court for the District of Delaware (the "District Court") entered an order

withdrawing the reference over the Adversary Proceeding, and thereafter, denied certain motions to dismiss.

On April 13, 2012, the Directors filed in this Court their *Motion Of Stefan Kaluzny and Joshua Olshansky For Order Clarifying That Under The Plan Of Reorganization And Confirmation Order They Were Granted The Releases Agreed Upon By The Parties In The Bankruptcy Case* (the "Motion").[1]   The Motion seeks a clarification that the Plan, as approved in the Confirmation Order, effectuated a release of any claims the Debtors or their Estates may have had against the Directors or, if Your Honor finds that the Plan did not effectuate a release of the Directors, that the lack of clarity on that point in the Confirmation Order was the product of mistake.

In its Opposition to the Motion (the "Opposition"), filed two days ago, the Trustee argues, among other things, that the Court should abstain, pursuant to 28 U.S.C. §1334(c)(1), from hearing the Motion in favor of adjudication in the District Court.  The Director's Reply is scheduled to be filed on May 21, 2012, and a hearing on the Motion is set for May 24, 2012.

Although the briefing on the Motion is not yet completed, and the Trustee's Opposition brief was filed just two days ago, the Trustee sent a letter to Your Honor today seeking a telephonic hearing to discuss whether the Motion should be decided before this Court or by the District Court—an argument fully set forth in the Trustee's Opposition brief.  In our Reply, to be filed by May 21, we will respond in detail to the abstention arguments contained in the Trustee's Opposition.  In short, for the following reasons, we believe that the issues should be resolved at the May 24 hearing.

The Motion is brought pursuant to 11 U.S.C. § 105(a) and Rule 60 of the Federal Rules of Civil Procedure, made applicable in this Court by Federal Rule of Bankruptcy Procedure 9024, to seek a ruling from this Court on whether the Plan confirmed by this Court released the Directors.

Bankruptcy courts have the inherent power to interpret and enforce their orders, including a confirmed plan of reorganization.  *See In re Shenango Grp. Inc.*, 501 F.3d 338, 344 (3d Cir. 2007) (matters that concern the "Reorganization Plan and the interpretation of the Plan's provision[s]" have the "close nexus" to warrant post-confirmation bankruptcy jurisdiction); *Amphenol Corp. v. Sandler (In re Insilco Techs.)*, 351 B.R. 313, 319-20 (Bankr. D. Del. 2006) (it is essential that a bankruptcy court retain post-confirmation jurisdiction to enforce its own orders in aid of their proper execution); *In re Venuto*, 343 B.R. 120, 128 (Bankr. E.D. Pa. 2006) ("[a] bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders, particularly when disputes arise over a bankruptcy plan of reorganization") (quotation marks omitted).[2]

---

[1]   On April 16, 2012, the Directors filed in the District Court a notice of filing of the Motion.

[2]   A court's interpretation of its orders may take place even years after a plan is confirmed.  *In re Shenango Group Inc.*, 501 F.3d 338, 341, 348 (3d Cir. 2007) (appellate court upheld a bankruptcy court's 2004 interpretation of a plan of reorganization confirmed in 1994); *see also In re Airadigm Commc'ns, Inc.*, 547 F.3d 763, 769-70 (7th Cir. 2008) (appellate court upheld a bankruptcy court's 2006 interpretation of a plan of reorganization confirmed in 2000).

Evidencing that body of law and reflecting the specific agreement on the point reached among parties in interest as part of the confirmation process, Article XI of the Plan states that the Bankruptcy Court (as defined therein)[3] retained exclusive jurisdiction to "resolve any cases, controversies, suits, disputes or Causes of Action with respect to the releases . . ." contained in the Plan. (Plan, Article XI, ¶ 11.) This language is incorporated into this Court's Confirmation Order, which states that "the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to Article XI of the Plan." (Confirmation Order, ¶ 141.) The Confirmation Order also provides that this Court had "exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed." (Confirmation Order, ¶ 1.)

Not only is this Court's exercise of jurisdiction over the Motion entirely appropriate, Your Honor is best positioned to interpret the Plan and Confirmation Order. The negotiations, statements at Bankruptcy Court hearings, and filings relevant to the Motion all arose before Your Honor in the Bankruptcy Court Case. This Court is undisputedly the Court that is most familiar with the issues raised in the Motion and it was entirely appropriate to file the Motion in this Court. The Trustee's arguments to the contrary are both premature (until the issue is fully briefed through the Reply) and appear to be an attempt to avoid having the Motion decided before the Court that is most familiar with the relevant issues.

In connection with the Motion, the Directors require discovery from Kirkland & Ellis, LLP ("Kirkland"), the firm that represented the Debtors, and Cooley LLP ("Cooley"), the firm that represented the Creditors Committee and now the Litigation Trustee. And obviously the Trustee has the same right to conduct any relevant discovery it requires in connection with the Motion. On April 25, 2012, we served a document request and deposition notice on Kirkland. We understand that Kirkland does not object to these discovery requests and will begin producing documents to us and to counsel for the Trustee within a few days and will provide a deponent sometime in the next two weeks. With their Opposition brief, the Trustee filed a Declaration from Jay R. Indyke, Esq., a Cooley partner, containing substantive testimony, and several exhibits from Cooley's files, concerning his and the Trustee's intent with respect to the releases, thus demonstrating the need for discovery from Cooley in connection with the Motion. This testimony has not been cross-examined. We informed the Trustee's counsel yesterday that we will be serving discovery requests on Cooley in connection with the Motion. Cooley informed us today that they will refuse to provide this discovery. If Mr. Indyke refuses to be deposed, his declaration must be stricken.

The Trustee argues in its letter that the discovery we served on Kirkland somehow violates the scheduling order entered by Magistrate Judge Karen M. Williams in the District Court Action. However, the discovery is not being sought in connection with the District Court

---

[3]   The Plan defines "Bankruptcy Court" to include this Court and, to the extent the reference is withdrawn, the United States District Court for the District of Delaware. While the reference has been withdrawn for the District Court Action, it has not been withdrawn—nor has withdrawal been sought—with respect to the Bankruptcy Court Case itself, which remains pending before Your Honor, or contested matters arising in the Bankruptcy Court Case.

Action; rather, it is being sought as part of the contested matter initiated by the Motion pursuant to Rule 9014(c) of the Federal Rules of Bankruptcy Procedure before the Court that has provided over the confirmation process. And there is no overlap between the issues raised in the Motion and the District Court Action. The Motion relates to whether the Directors received releases during the course of the Bankruptcy Action. The District Court Action relates primarily to a transaction that took place almost four years before the Bankruptcy Case.

And even if, *arguendo*, Judge Williams' scheduling order applied to this contested matter, the parties to the District Court Action have already conducted their initial Rule 26(f) conference, and discovery in the District Court Action is now permissible. Regardless of in which Court the Motion proceeds, discovery will be necessary to address the issues raised in the Motion. The Directors should thus be permitted to proceed with the discovery that is necessary in connection with the Motion.

In sum, we believe that no telephonic conference is necessary at this time, and that any consideration of the issues raised in the Motion and Opposition should take place after the Directors file their Reply. If the Court would like to schedule a telephonic hearing, as requested by the Trustee's counsel, we are of course available at Your Honor's convenience. We thank the Court for its consideration of the issues set forth herein.

Sincerely,

Linda Dakin-Grimm

cc:   Richard Kanowitz, Esq.
       Jay Indyke, Esq.
       Dominic Pacitti, Esq.
       Joshua Sussberg, Esq.
       Robert J. Moore, Esq.
       Sander Bak, Esq.
       The Honorable Joseph E. Irenas
       The Honorable Karen M. Williams